UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22830-BLOOM/Otazo-Reyes**

JAVLIN ONE LLC and
JAVLIN NINE LLC,

    Plaintiffs,

v.

THE LAW OFFICES OF
JONATHAN B. HARRIS, P.A. d/b/a
J.B. HARRIS PA and JONATHAN
BERYL HARRIS, an individual,
jointly and severally,

    Defendants.

_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On August 3, 2021, Defendants Jonathan B. Harris and the Law Offices of Jonathan B. Harris, P.A. d/b/a J.B. Harris P.A. (collectively, "Defendants") filed their Notice of Removal, ECF No. [1-1] ("Notice"), from the Circuit Court for the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, based upon this Court's diversity jurisdiction, 28 U.S.C. § 1332. Upon review of the Notice and the attached exhibits, the Court determines that it lacks subject matter jurisdiction as detailed below, and that this case should be remanded to state court.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt*

*v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time."). When performing this inquiry, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (citing *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotation marks omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*.

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotation marks omitted). Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

In the Complaint, ECF No. [1-2] at 7-10, Plaintiff asserts four state law claims against Defendants: Count I – Promissory Note(s); Count II – "Guaranty(ies)"; Count III – Money Lent;

and Count IV – Unjust Enrichment. In the Notice, Defendants contend that the Court has diversity jurisdiction over the claims alleged in the Complaint. In support of this argument, Defendants assert that "Plaintiffs are citizens of the State of Delaware for diversity purposes, because that is where they reside and are domiciled." ECF No. [1-1] at 3, ¶ 5.[1] In addition, Defendants state that they "are citizens of Florida." *Id.* at 3, ¶ 6. Upon review, however, the Court finds that Defendants' assertion regarding diversity jurisdiction is misplaced.

Pursuant to 28. U.S.C. § 1441, Defendants may not remove this case to federal court in Florida. "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, **provided that no defendant is a citizen of the state in which the action was brought**." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996) (emphasis added); *see also* 28. U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Where a defendant is a citizen of Florida at the time of removal, the district court lacks diversity jurisdiction. *Thermoset Corp.*, 849 F.3d at 1316. Even assuming that Plaintiffs' citizenship was

---

[1] The Court notes that residence, however, is distinct from citizenship and is insufficient on its own to establish diversity. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). While residence is one relevant factor in determining citizenship of an individual, it is not relevant in determining the citizenship of a limited liability company. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship is equivalent to domicile for purposes of diversity jurisdiction. And domicile requires both residence in a state and an intention to remain there indefinitely." (internal citation and quotations omitted)). Indeed, as the Court of Appeals for the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of a limited liability company, "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). The Complaint does not list the citizenships of Plaintiffs' members, and Defendants provide no information with respect to the citizenship of Plaintiffs' members.

Case No. 21-cv-22830-BLOOM/Otazo-Reyes

clear here, Defendants appear to concede in the Notice that they are citizens of Florida. As a result, removal based upon the Court's diversity jurisdiction is improper here. *See id.* at 1315 (Eleventh Circuit *sua sponte* considered diversity jurisdiction, and where one defendant was non-diverse, vacated district court's entry of summary judgment and ordered remand to state court).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This matter is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, for further proceedings.
2. The Clerk is directed to **CLOSE** this case.
3. All pending motions are **DENIED AS MOOT**, and any scheduled deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 5, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record